UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| SUSAN D. ARMSTRONG,  )  |   |   |
| Plaintiff,  )  |   |   |
|   )  |   |   |
| vs.  )  | 3:03-cv-174-RLY-WGH  |   |
|   )  |   |   |
| INDIANA STATE BOARD OF  )  |   |   |
| ACCOUNTS,  )  |   |   |
| Defendant.  )  |   |   |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Susan Armstrong, is a former employee of Defendant, the Indiana State Board of Accounts ("Defendant" or "SBOA"). Plaintiff's Complaint alleges Defendant violated her rights under the Americans With Disabilities Act ("ADA") by harassing and terminating her because she has a disability. Plaintiff further alleges Defendant violated the Family Medical Leave Act ("FMLA") by terminating her leave under the FMLA. Finally, Plaintiff claims Defendant wrongfully discharged her under Indiana law.

On July 14, 2005, Defendant filed a motion for summary judgment. On September 12, 2005, Plaintiff conceded that her ADA and wrongful discharge claims were without merit. Accordingly, the only claim at issue is Plaintiff's FMLA claim.

The court, having read and reviewed Defendant's motion, the supporting and opposing briefs, and the applicable law, now finds Defendant's motion should be **GRANTED**.

**I.	Summary Judgment Standard**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant. *See Spraying Sys. Co. v. Delavan, Inc.*, 975 F.2d 387, 392 (7th Cir. 1992). The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.

In determining whether a genuine issue of material fact exists, the court must view the record and all reasonable inferences in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003). The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) (citing *Celotex*, 477 U.S. at 322).

## II. Facts

### A. Background

1. Plaintiff was employed as a Field Examiner by the Indiana State Board of Accounts ("SBOA") from May 1990 to April 2002. (Plaintiff's Interrogatory Response No. 2).

2. Thomas Simpson became Plaintiff's supervisor in January 1998. (Deposition of Thomas Simpson ("Simpson Dep.") at 7-8; Deposition of Susan Armstrong ("Armstrong Dep.") at 14).

3. Plaintiff was diagnosed with fibromyalgia in the Fall of 1997 and informed Simpson and the SBOA Board of the diagnosis soon thereafter. (Plaintiff's Interrogatory Response No. 5; Armstrong Dep. at 9-10).

4. Plaintiff's fibromyalgia has limited her ability to engage in physical activities. (Plaintiff's Interrogatory Response No. 13). However, Plaintiff was able to perform the material duties of her position with the SBOA. (Armstrong Dep. at 10).

### B. FMLA Leave Requests

5. Plaintiff applied for, and was granted, Family Medical Leave under the FMLA several times. When she left the SBOA, Plaintiff was in the process of again requesting FMLA leave. (Armstrong Dep. at 15, 17; Certification of Health Care Provider received 11/21/00; Certification of Health Care provider mailed 4/18/02).

6. Plaintiff was never denied FMLA leave when she requested it. (Armstrong Dep. at 13).

### C. SBOA Policies

7. The Indiana State Board of Accounts Employee Manual forbids employees from providing accounting services to parties subject to state audits. (Indiana State Board of Accounts Independence Policy, Defendant's Ex. N).

8. The Indiana State Board of Accounts Employee Manual lists "Violation of Board Policy" and "Conduct Which Affects the Employee's Ability to Adequately Perform His/Her Job Function" as examples of behavior that could result in reprimand, suspension or dismissal. (Indiana State Board of Accounts Personnel Policy and Procedure Manual, Defendant's Ex. O).

9. The auditing standards of the SBOA require its employees to be not only independent in fact, but also in appearance. (Deposition of Charles Johnson ("Johnson Dep.") at 16).

### D. Plaintiff's Audit of Vanderburgh County

10. Plaintiff was assigned to audit federal grants for Vanderburgh County in 2002. (Simpson Dep. at 33-34).

11. In the years 2000-2002, Plaintiff prepared personal tax returns for various personal clients, including Vanderburgh County Treasurer Z. Tuley and other Vanderburgh County employees. (Armstrong Dep. at 41-42).

12. As a SBOA employee, Plaintiff was required to complete a SBOA Annual

       Statement of Independence, Integrity, and Objectivity. (Armstrong Dep. at 46-47).

13. Plaintiff did not disclose on her 2000, 2001, or 2002 Independence Statements that Vanderburgh County Treasurer Z. Tuley was a private tax client of Plaintiff. (Defendant's Interrogatory Response No. 8; Indiana State Board of Accounts Annual Statements of Independence, Integrity, and Objectivity, 2000 & 2002).

14. In April 2002, Simpson learned that Plaintiff was utilizing the Vanderburgh County Treasurer's Office copy machine to make personal copies. (Defendant's Interrogatory Response No. 6; Simpson Dep. at 23-25; Armstrong Dep. at 56-58).

15. On April 11, 2002, Plaintiff, Simpson, and Field Examiner Allen Linneweber met to discuss Plaintiff's use of the Vanderburgh County Treasurer's Office copy machine. (Defendant's Interrogatory Response No. 6; Armstrong Dep. at 55-59).

16. Around this same time, Simpson learned that Plaintiff was doing private work preparing tax returns for the Vanderburgh County Treasurer, Z. Tuley, and other Vanderburgh County employees. (Simpson Dep. at 24-25).

17. The State Examiner, Charles Johnson, and his two deputies, Marilyn Rudolph and Mike Fiwek, who constituted the Board, decided to ask for Plaintiff's resignation, and to terminate her if she refused to tender it. (Johnson Dep. at 13-16).

18. Johnson and his deputies based their decision upon Plaintiff's independence conflict of interest and her personal use of Vanderburgh County's property. (Defendant's Interrogatory Response No. 7; Johnson Dep. at 15).

19. On April 18, 2002, Plaintiff left her position with the SBOA. (Armstrong Dep. at

55).

## III. Discussion

### A. Plaintiff's FMLA Claim

Plaintiff alleges Simpson violated her rights under the FMLA when he terminated her from her employment for the explicit purpose of preventing her from receiving her requested FMLA leave.

The law in this circuit provides that an employer can lawfully terminate an employee for poor performance or other legitimate reasons "either before, during, or after [her] request for medical leave without interference from the FMLA, as long as the employer does not discriminate or retaliate against the employee for requesting or taking such leave." *Serio v. Jojo's Bakery Restaurant*, 102 F.Supp.2d 1044, 1051 (S.D. Ind. 2000) (citing 29 C.F.R. § 825.216(a) ("An employee has no greater right to reinstatement or other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period.").  The fact that an employee was in the process of applying for FMLA leave does not constitute a substantive violation because the FMLA does not provide protection against termination for legitimate reasons.

Plaintiff has not, nor can she, point to any substantive violation made by the SBOA in processing or providing her FMLA leave during her tenure as an employee.  Indeed, Plaintiff admits she utilized FMLA leave on numerous occasions.  The heart of Plaintiff's claim is a claim for retaliation.  Therefore, Plaintiff's substantive violation claim under the FMLA is dismissed.

### B.     Plaintiff's Retaliation Claim

Plaintiff also alleges that Simpson retaliated against her for utilizing the FMLA. In order to state a prima facie case of retaliation under the direct method, Plaintiff must show (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action. *Luckie v. Ameritech Corp.*, 389 F.3d 708, 714 (7th Cir. 2004). The focus of the SBOA's discussion is whether Plaintiff has shown a causal connection.

In order to prove a causal connection under the direct method, Plaintiff must present "enough evidence (whether direct or circumstantial) to raise a genuine issue concerning [SBOA's] motivation in carrying out the challenged employment action." *Brill v. Lante Corp.,* 119 F.3d 1266, 1269 (7th Cir. 1997) (citing *Troupe v. May Department Stores*, 20 F.3d 734, 736 (7th Cir. 1994)). The Seventh Circuit has emphasized, "under the direct method a plaintiff must provide direct or circumstantial evidence that the *decisionmaker* has acted for a prohibited reason. A decisionmaker is the person 'responsible for the contested decision.'" *Rogers v. City of Chicago*, 320 F.3d 748, 754 (7th Cir. 2003).

In this case, Plaintiff has put forth no evidence, whether direct or circumstantial, proving that SBOA's request that Plaintiff resign or be terminated was based upon any FMLA activity in which Plaintiff had engaged. There are no admissions by the decisionmaker in this case (*i.e.*, the Board, consisting of Johnson, Rudolph, and Fiwek) that Plaintiff's termination was in response to the exercise of her rights under the FMLA.

Indeed, Plaintiff has not even presented any circumstantial evidence to suggest the decisionmakers made their decision to terminate Plaintiff based on Plaintiff's FMLA activity.

Plaintiff attempts to argue retaliatory animus on the part of Simpson; however, despite Plaintiff's assertion to the contrary, at no point did Simpson admit any discriminatory animus toward Plaintiff and her use of the FMLA. (Pl.'s Ex. 5, Simpson Dep., pp. 39-40, 56-57.) Regardless, the evidence clearly demonstrates that Simpson did not make the decision to terminate Plaintiff. (Pl.'s Ex. 14, Johnson Dep., pp. 13-14; Def.'s Ex. D, Response No. 6 to Plaintiff's Interrogatories to Defendant (stating that Simpson met with Plaintiff upon request of the Board of Accounts Board members); Pl.'s Ex. 7, Plaintiff's letter to Johnson (stating that Simpson gave her the choice of resigning or being terminated "as you [Johnson] had instructed.").

Furthermore, Plaintiff has not established, nor can she, that Simpson recommended Plaintiff's termination to the Board and that the Board simply rubber-stamped that recommendation. *See Rogers*, 320 F.3d at 754. Even if everything Plaintiff contends regarding Simpson is taken as true, Plaintiff fails to establish the necessary connection between Simpson's alleged conduct and her termination. For these reasons, Plaintiff's retaliation[1] claim must be dismissed.

---

[1] To the extent Plaintiff raises a hostile work environment claim under the FMLA based upon Simpson's alleged conduct toward her, the SBOA is entitled to judgment on that claim as well for two reasons. First, Plaintiff's Amended Complaint does not raise such a claim. Second, Plaintiff has cited no case law in support of such a claim.

## IV.     Conclusion

For the reasons explained above, the court **GRANTS** Defendant's Motion for Summary Judgment.

**SO ORDERED** this 18th day of October 2005.

                                            RICHARD L. YOUNG, JUDGE
                                            United States District Court
                                            Southern District of Indiana

Electronic Copies to:

Kathryn Lynn Morgan
INDIANA STATE ATTORNEY GENERAL
kmorgan@atg.state.in.us

Virginia M. O'Leary
O'LEARY & ASSOCIATES
oleary@gibsoncounty.net

Juliana Beth Pierce
INDIANA STATE ATTORNEY GENERAL
jpierce@atg.state.in.us

Brett Michael Roy
O'LEARY & ASSOCIATES
oleary@gibsoncounty.net